## Wenzell v. Morrissey.

*(Supreme Court, Special Term, Albany County.  September, 1888.)*

Attachment—Affidavit—Description of Claim.

An affidavit for attachment described the claim sued on as for "the services of the plaintiff, as the attorney of the defendant, rendered in prosecuting certain suits upon his retainer, and for drawing and engrossing certain instruments in writing," "which services were performed, and money advanced, between" stated dates. *Held*, that the affidavit contained a direct and positive averment of indebtedness for services performed and money advanced, and not a mere allegation of indebtedness without any facts.

Motion to set aside an attachment.

*Alpheus T. Bulkley*, for plaintiff.    *Nathaniel C. Moak*, for defendant.

Learned, J.   The plaintiff's affidavit avers "which services were performed, and money advanced, between September 20, 1883, and January 1, 1888," and it is sworn to September 15, 1888.   It therefore appears that the attachment was not obtained on the last day when the services were rendered, so that the objection sustained in *Smadbeck* v. *Sisson*, 4 Civ. Proc. R. 353, does not apply.   Next, the sentence above quoted is a positive averment that the services were rendered and the money advanced.   Therefore the objection that there is only an allegation of indebtedness without any facts, taken in *Smith* v. *Davis*, 29 Hun, 306, does not apply.   The words "which services," etc., of course refer to services and money previously mentioned.   Looking back, then, we find a description of the services and money as follows: "The services of the plaintiff, as the attorney for the defendant, rendered in prosecuting certain suits upon his retainer, and for drawing and engrossing certain instruments in writing."   Thus we have a positive allegation that, between the dates specified, the plaintiff did perform services as attorney for defendant rendered in prosecuting certain suits on his retainer, etc.   Prosecuting suits, as attorney, on defendant's retainer, means acting as attorney at law, and if plaintiff were not such attorney, or did not so prosecute suits on defendant's retainer, then the affidavit would be positively false.   It could not be held to mean attorney in fact.   "Retainer" is a word with a distinct and well-known meaning.   The case of *Pomeroy* v. *Ricketts*, 27 Hun, 242, is cited by defendant as sustaining their view that the affidavit is defective.   The affidavit in that case lacked just the positive averment which this affidavit contains.   If that affidavit had had the additional words, "which goods, wares, and merchandise were sold and delivered between June 8, 1880, and June 30, 1880," then there would have been a statement that the plaintiff had in fact sold goods to the defendant.   The case of *Manton* v. *Poole*, 4 Hun, 638, is of the same character with the case last cited.   In the present case it seems to me that the defendant has overlooked an important part of the affidavit, and has treated it as if the words "which services were performed and money advanced" were stricken out, while in fact these words make a positive averment of what otherwise might perhaps have been called a "mere recital."   Motion to set aside the attachment denied, with $10 costs.